977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Henry DEASE, Plaintiff-Appellant,
Tyrone Victor Hardin, et al., Plaintiffs,
v.
Robert BROWN, Jr.; John W. Hawley; Donald Newhouse; David
Magadanz; Robert P. Miller, Defendants-Appellees.
 No. 92-1311.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and HIGGINBOTHAM, Senior Circuit Judge.*
 
 ORDER
 
 1
 William Henry Dease appeals the summary judgment for the defendants in this civil rights action filed under 42 U.S.C. § 1983. Dease and other inmates of the A Unit of Marquette Branch Prison sued various Michigan prison officials, seeking declaratory and injunctive relief and money damages, alleging that general conditions of confinement in the A Unit are unconstitutional. Defendants moved for summary judgment and plaintiffs responded in opposition. The magistrate judge recommended that summary judgment for defendants be granted and plaintiffs filed objections. The district court adopted the magistrate judge's recommendation and granted summary judgment for defendants. Only plaintiff Dease has appealed the district court's judgment. In his appellate brief, he requests the appointment of counsel.
 
 
 2
 Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Anderson, 477 U.S. at 248. A careful review of the record reveals nothing which would support a finding of deliberate indifference to "the minimal civilized measure of life's necessities." See Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991).
 
 
 3
 Accordingly, the request for appointment of counsel is denied and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable A. Leon Higginbotham, Jr., Senior Circuit Judge, U.S. Court of Appeals for the Third Circuit, sitting by designation